**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-5012**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

CESAR SIERRO-PINEDA, a/k/a Desiderio Ramirez Duarte, a/k/a
Desiderio Pineda Duarte,

               Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.   Richard L.
Voorhees, District Judge.  (5:11-cr-00022-RLV-1)

Submitted:  October 30, 2013      Decided:  November 6, 2013

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Denzil H. Forrester, THE LAW OFFICES OF DENZIL H. FORRESTER,
Charlotte, North Carolina, for Appellant.   Amy Elizabeth Ray,
Assistant United States Attorney, Asheville, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cesar Sierro-Pineda pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine, at least fifty grams of actual methamphetamine, and at least 500 grams of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012). The district court sentenced Sierro-Pineda to life imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred by imposing sentencing enhancements for Sierro-Pineda's role in the offense and for possessing a firearm. In his pro se brief, Sierro-Pineda argues that his guilty plea was not knowing and voluntary, that the district court improperly enhanced his sentence in violation of Alleyne v. United States, 133 S. Ct. 2151 (2013), and that the Government violated the plea agreement. The Government declined to file a brief.

We review Sierro-Pineda's sentence for reasonableness, "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). In assessing a challenge to the district court's application of the Guidelines, we review the district court's factual findings for clear error

2

and its legal conclusions de novo. United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010).

First, counsel questions whether the district court erred in applying a four-level enhancement for Sierro-Pineda's role in the offense. The Sentencing Guidelines provide that a four-level enhancement applies "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(a) (2011). Here, the testimony presented at the sentencing hearing establishes that the criminal activity involved at least five participants and that Sierro-Pineda had a leadership role in the drug trafficking conspiracy by recruiting individuals to transport drugs from Mexico and distributing drugs through several co-conspirators. Thus, the district court did not clearly err in finding that Sierro-Pineda was an organizer or leader in the conspiracy and in applying the four-level enhancement under USSG § 3B1.1(a).

Counsel next questions the district court's application of a two-level enhancement for Sierro-Pineda's firearm possession. The Sentencing Guidelines provide that the enhancement applies "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). "[P]roof of constructive possession of the [firearm] is sufficient, and the Government is entitled to rely on circumstantial evidence to

3

carry its burden." United States v. Manigan, 592 F.3d 621, 629 (4th Cir. 2010). The enhancement is proper when the weapon at issue "was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction," id. at 628-29 (internal quotation marks omitted), even in the absence of "proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun," United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (internal quotation marks omitted). The defendant bears the burden to show that a connection between his possession of a firearm and his narcotics offense is "clearly improbable." Id. at 852-53. Testimony at Sierro-Pineda's sentencing established that firearms are a tool of the drug trafficking trade and that officers found the firearm in a bedroom in Sierro-Pineda's residence; Sierro-Pineda did not demonstrate that the connection between the firearm and the conspiracy offense was "clearly improbable." We therefore discern no clear error in application of the two-level firearm enhancement.

We have carefully assessed the claims raised in Sierro-Pineda's pro se supplemental brief and conclude that they lack merit. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Sierro-Pineda's conviction and

4

sentence.  We deny without prejudice counsel's motion to withdraw.  This court requires that counsel inform Sierro-Pineda, in writing, of the right to petition the Supreme Court of the United States for further review.  If Sierro-Pineda requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion to withdraw.  Counsel's motion must state that a copy thereof was served on Sierro-Pineda.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED